1

2

3

4

5                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
6                                  AT TACOMA

7

LEONID KUCHEROV,
8                                              CASE NO. C16-5276 BHS
                    Plaintiff,
9                                              ORDER GRANTING IN PART
        v.                                     AND DENYING IN PART
                                               DEFENDANT'S MOTION TO
10   MTC FINANCIAL, INC. and CIT BANK,         DISMISS AND DENYING
                                               DEFENDANT'S MOTION TO
11                  Defendants.                STRIKE

12

13          This matter comes before the Court on Defendant CIT Bank, N.A.'s ("CIT")

14   motion to dismiss (Dkt. 8) and motion to strike response (Dkt. 22). The Court has

15   considered the pleadings filed in support of and in opposition to the motions and the

16   remainder of the file and hereby rules as follows:

17                              I. PROCEDURAL HISTORY

18          On March 17, 2016, Leonid Kucherov ("Kucherov") filed a complaint against

19   Defendants CIT and MTC Financial, Inc. in Clark County Superior Court for the State of

20   Washington.  Dkt. 2, Exh. A ("Comp").  Kucherov alleges causes of action for breach of

21   contract, wrongful foreclosure, slander of title, violations of the Washington Consumer

22   Protection Act ("CPA"), slander of credit status, intentional infliction of emotional

distress, fraud, misrepresentation, civil conspiracy, quiet title, and violations of the Fair

Debt Collections Practices Act ("FDCPA").  *Id.*

On April 11, 2016, CIT removed the matter to this Court.  Dkt. 1.

On April 18, 2016, CIT filed a motion to dismiss.  Dkt. 8.  On June 2, 2016,

Kucherov responded.  Dkt. 21.  CIT did not reply.  However, on June 3, 2016, CIT filed a

motion to strike Kucherov's response.  Dkt. 22.  Kucherov did not respond.

## II. FACTUAL BACKGROUND

In March of 2006, Kucherov obtained a construction loan from IndyMac Bank in

the amount of $648,000.  Comp., ¶ 8.  After construction of the residence was completed

in 2008, Kucherov alleges that he obtained a new loan that superseded the original loan

and contained terms more favorable to Kucherov.  *Id.*, ¶ 10.  Kucherov alleges that CIT

accepted payments on the loan under terms of the construction loan instead of the terms

of the new loan.  *Id.*, ¶ 11.  Kucherov attempted to reconcile the dispute via a loan

modification, but was ultimately denied a modified loan.  *Id.*, ¶¶ 12–16.  The failure to

accept Kucherov's payments or grant a loan modification has led to a pending foreclosure

action.  *Id.*, ¶ 22.  Based on filings in a related suit in this district, CIT's attorney

represented that the property was foreclosed on May 20, 2016.  *See OWB REO, LLC v.*

*Kucherov*, C16–5565RBL (W.D. Wash. 2016), Dkt. 3.

## III. DISCUSSION

### A.    Motion to Strike

CIT moves to strike Kucherov's response because it is untimely.  While CIT may

be prejudiced by prolonging this litigation, the Court prefers resolving disputes on the

merits instead of technical procedural errors.  Moreover, Kucherov alleges that CIT foreclosed a property that carries a market value in excess of one million dollars for failure to repay a $648,000 loan.  CIT does not contest these allegations.  Therefore, based on the current record, CIT has excess collateral to cover any additional expenses in defending itself in this matter.  The Court denies CIT's motion to strike.

**B.    Motion to Dismiss**

CIT moves to dismiss Kucherov's complaint in its entirety.  The Court will address each of Kucherov's claims.

### 1.    Standard

Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action.  *Twombly*, 127 S. Ct. at 1965.  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  "[D]ismissal is proper only if it is

absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

### 2.     Breach of Contract

"A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." *Nw. Mfrs. v. Dep't of Labor*, 78 Wn. App. 707, 712 (1995).

In this case, CIT argues that Kucherov fails to state a valid breach of contract claim. The Court agrees. Kucherov alleges that CIT breached the promissory note, but fails to identify whether CIT breached the initial note or the superseding note and what provision of that particular note. Kucherov also appears to allege that CIT failed to grant a loan modification, but fails to identify any contractual provision that obligates CIT to grant such a modification. Therefore, the Court grants CIT's motion on Kucherov's breach of contract claim.

The Court, however, is unable to conclude that it is absolutely clear that the deficiencies in this claim can not be cured by any amendment. Based on the allegations, the parties entered into at least two loan contracts and failure to credit payments under such a contract may state a claim for breach of that contract. Therefore, the Court grants Kucherov leave to amend his complaint.

### 3.     Wrongful Foreclosure

CIT argues that the Court should dismiss this claim because no foreclosure sale has occurred. Dkt. 8 at 7. However, in an action for unlawful detainer, CIT's counsel asserted that the subject property was foreclosed on May 20, 2016. *See OWB REO, LLC*

1  *v. Kucherov*, C16–5565RBL (W.D. Wash. 2016), Dkt. 3.  Therefore, the Court denies

2  CIT's motion on this issue without prejudice.

3  **4.    Slander of Title**

4     In Washington, a slander of title claim has five elements: "(1) false words; (2)

5  maliciously published; (3) with reference to some pending sale or purchase of property;

6  (4) which go to defeat plaintiff's title; and (5) result in plaintiff's pecuniary loss." *Rorvig*

7  *v. Douglas*, 123 Wn.2d 854, 859 (1994).  "Slander of title is only available where the

8  defendant has interfered with the plaintiff's sale of the property." *Lapinski v. Bank of*

9  *Am., N.A.*, C13–00925, 2014 WL 347274, at *5 (W.D.Wash. Jan.30, 2014).

10    In this case, CIT argues that Kucherov has failed to allege any facts showing that it

11  interfered with Kucherov's sale of the property.  The Court agrees and grants CIT's

12  motion to dismiss this claim.  However, it is not absolutely clear that the claim could not

13  be saved by amendment.  Therefore, the Court will grant Kucherov leave to amend this

14  claim.

15  **5.    CPA**

16    The CPA "prohibits '[u]nfair methods of competition and unfair or deceptive acts

17  or practices in the conduct of any trade or commerce.'" *Trujillo v. Nw. Tr. Servs., Inc.*,

18  183 Wn.2d 820, 834–35 (2015) (quoting RCW 19.86.020). "To succeed on a CPA claim,

19  a plaintiff must establish (1) an unfair or deceptive act (2) in trade or commerce (3) that

20  affects the public interest, (4) injury to the plaintiff in his her business or property, and

21  (5) a causal link between the unfair or deceptive act complained of and the injury

22  suffered." *Id.*

In this case, CIT argues that Kucherov has failed to allege sufficient facts to state a CPA claim. The Court agrees. In his two paragraphs stating this claim, Kucherov uses only labels and conclusions as to the elements of the claim and fails to allege sufficient facts to state a valid claim. Therefore, the Court grants CIT's motion to dismiss this claim. Although CIT argues that Kucherov's allegations are too individualized to support a broad consumer protection claim, the Court grants Kucherov leave to amend because it is not absolutely clear that the claim could not be saved by amendment.

### 6. Slander of Credit

CIT argues that Washington law does not recognize a "slander of credit" cause of action. The Court agrees. *See Handy v. State*, 85 Wn. App. 1024 (1997). Kucherov fails to cite any authority to the contrary. Therefore, the Court grants CIT's motion to dismiss this claim with prejudice.

### 7. Intentional or Negligent Infliction of Emotional Distress

To recover for intentional infliction of emotional distress, a plaintiff must prove the elements of outrage: "(1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional distress." *Dicomes v. State*, 113 Wn.2d 612, 630 (1989). Although these three elements are questions of fact for the jury, the Court must initially "determine if reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability." *Id.* "The conduct in question must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal quotation marks omitted).

In Washington, the elements of a negligent infliction of emotional distress claim are (1) duty, (2) breach, (3) proximate cause, and (4) damages or injury.  *Snyder v. Medical Serv. Corp.*, 145 Wn.2d 233, 243 (2001).  The threshold determination in a negligence action is whether the defendant owes a duty of care to the plaintiff.  *Taylor v. Stevens Cnty.*, 111 Wn.2d 159, 163 (1988).  The existence of a legal duty is a pure question of law.  *Folsom v. Burger King*, 135 Wn.2d 658, 671 (1998).

In this case, CIT argues that Kucherov fails to state a claim for relief for either intentional or negligent infliction of emotional distress.  The Court agrees because Kucherov's claims are merely labels and conclusions.  Therefore, the Court grants CIT's motion to dismiss these claims.  However, the Court grants Kucherov leave to amend these claims because it is not absolutely clear that they could not be saved by any amendment.

## 8.    Fraud and Misrepresentation

To state a claim for fraud or intentional misrepresentation, Kucherov must allege "(1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff."  *Adams v. King Cty.*, 164 Wn.2d 640, 662 (2008) (fraud); *Carlile v. Harbour Homes, Inc.*, 147 Wn. App. 193, 205 (2008) (intentional misrepresentation).  Additionally, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud[.]"  Fed. R. Civ. P. 9(b).  "This has been interpreted to mean the

1   pleader must state the time, place and specific content of the false representations as well

2   as the identities of the parties to the misrepresentation." *Miscellaneous Serv. Workers,*

3   *etc. v. Philco-Ford Corp., WDL Div.*, 661 F.2d 776, 782 (9th Cir. 1981).

4       In this case, CIT argues that Kucherov has failed to state these claims with

5   particularity.  Specifically, CIT asserts that Kucherov fails to specify the speaker, the

6   time and place of the statement, the intent of the speaker, ignorance of the falsity of the

7   statement, and reliance on the statement.  The Court agrees.  Therefore, the Court grants

8   CIT's motion to dismiss this claim.  However, the Court grants Kucherov leave to amend

9   because it is not absolutely clear that it could not be saved by any amendment.

10      **9.      Civil Conspiracy**

11      To state a claim for civil conspiracy, a plaintiff must allege that "(1) two or more

12   people combined to accomplish an unlawful purpose, or combined to accomplish a lawful

13   purpose by unlawful means; and (2) the conspirators entered into an agreement to

14   accomplish the conspiracy." *Alexander v. Sanford*, 181 Wn. App. 135, 180–81 (2014)

15   (internal quotation and citations omitted).

16      In this case, CIT argues that Kucherov fails to state a claim because he, at least,

17   fails to allege an agreement to conspire between two people.  The Court agrees.  In fact,

18   Kucherov does not specify any particular agreement in his response.  Therefore, the

19   Court grants CIT's motion to dismiss this claim.  However, the Court grants Kucherov

20   leave to amend because it is not absolutely clear that it could not be saved by any

21   amendment.

22

1     **10.     Quiet Title**

2     "An action to quiet title is an equitable proceeding designed to resolve competing

3     claims of ownership." *Walker v. Quality Loan Serv. Corp. of Wash.*, 176 Wn. App. 294,

4     322 (2013) (internal quotation omitted).

5     In this case, CIT argues that Kucherov's claim for quiet title fails as a matter of

6     law.  The Court agrees because Kucherov does not have a claim to ownership of the

7     property in question.  In fact, Kucherov admits that he was applying for a loan

8     modification when the foreclosure proceeding began.  Therefore, the Court grants CIT's

9     motion to dismiss this claim with prejudice.

10     **11.     Fair Debt Collections**

11     In his Eleventh Claim, Kucherov alleges violations of "the Federal and State Fair

12     Debt Collection Practices Act."  Comp., ¶ 72.  With regard to the state statute, the act

13     regulates collection agencies and expressly excludes mortgage banks and banks.  RCW

14     19.16.100(c).  There is no dispute that CIT is a bank.  Therefore, the Court grants CIT's

15     motion on this issue and dismisses Kucherov's claim with prejudice.

16     With regard to the federal statute, Kucherov "must allege facts sufficient to show

17     that (1) the defendant was collecting a debt as a debt collector, and (2) its debt collection

18     actions violated a federal statute." *Greer v. Green Tree Servicing, LLC*, No. 3:14-CV-

19     05594-RJB, 2015 WL 4077432, at *2 (W.D. Wash. July 6, 2015).  "However, as this

20     Court and other courts have found, nonjudicial foreclosure actions do not constitute 'debt

21     collection,' unless alleged under § 1692f(6)." *Titus v. Wells Fargo Bank, N.A.*, No. 15-

22     05690-RJB, 2015 WL 9308314, at *2 (W.D. Wash. Dec. 22, 2015).  Accordingly,

1    Kucherov cannot state a claim for violation of the FDCPA unless he states a claim under

2    15 U.S.C. § 1692f(6).  Section 1692f(6) provides that nonjudicial foreclosure activity is

3    unlawful only if one of three statutory conditions exists: "(A) there is no present right to

4    possession of the property claimed as collateral through an enforceable security interest;

5    (B) there is no present intention to take possession of the property; or (C) the property is

6    exempt by law from such dispossession or disablement."  15 U.S.C. § 1692f(6).

7           In this case, CIT argues that Kucherov has failed to allege sufficient facts to state a

8    claim for relief under the FDCPA.  The Court agrees.  Kucherov fails to allege any facts

9    to support one of the statutory conditions for an unlawful foreclosure.  More importantly,

10   Kucherov fails to allege any act within the one-year statute of limitations.  15 U.C.C. §

11   1692k(d).  Therefore, the Court grants CIT's motion to dismiss this claim.  However, the

12   Court grants Kucherov leave to amend because it is not absolutely clear that it could not

13   be saved by any amendment.

## IV. ORDER

15          Therefore, it is hereby **ORDERED** that

16          1.      CIT's motion is **GRANTED in part** and **DENIED in part** as stated herein;

17          2.      Kucherov's claims for slander of credit, quiet title, and violation of the state

18   law collection act are **DISMISSED with prejudice**;

19          3.      Kucherov's claims for breach of contract, slander of title, CPA, intentional

20   and negligent infliction of emotional distress, fraud and misrepresentation, civil

21   conspiracy, and violations of the FDCPA are **DISMISSED without prejudice** and

22   Kucherov is **GRANTED** leave to amend these claims; and

ORDER - 10

1        4.      Kucherov may file an amended complaint no later than August 5, 2016.

2  Kucherov may only amend the claims dismissed without prejudice and any other

3  amended claims will be subject to dismissal for failure to comply with this order.  Failure

4  to file an amended complaint or otherwise respond will result in **DISMISSAL** without

5  further order of the Court.

6        Dated this 19th day of July, 2016.

BENJAMIN H. SETTLE
United States District Judge