UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEONID KUCHEROV,

                    Plaintiff,

         v.

MTC FINANCIAL INC., et al.,

                    Defendants.

CASE NO. C16-5276BHS

ORDER DENYING PLAINTIFF'S MOTION

   This matter comes before the Court on Plaintiff Leonid Kucherov's ("Kucherov") motion in opposition to Defendant CIT Bank, N.A.'s ("CIT") motion to cancel lis pendens and motion for leave to file first amended complaint (Dkt. 28).

   On July 19, 2016, the Court granted in part and denied in part CIT's motion to dismiss and granted Kucherov leave to file an amended complaint.  Dkt. 23.  The Court warned Kucherov that "[f]ailure to file an amended complaint or otherwise respond will result in **DISMISSAL** without further order of the Court."  *Id*. at 11.  Kucherov neither responded nor filed an amended complaint.  On August 17, 2016, the Clerk closed the case, and, on August 19, 2016, the Clerk entered judgment for CIT.  Dkt. 24

ORDER - 1

1        On August 30, 2016, CIT filed a motion to cancel lis pendens against the property

2   in question.  Dkt. 25.  On September 19, 2016, the Court granted the unopposed motion.

3   Dkt. 26.

4        On September 23, 2016, Kucherov filed the instant motion alleging that he simply

5   overlooked the Court's deadlines because he was trying to reopen his bankruptcy case.

6   Dkt. 28.  On October 11, 2016, CIT responded.  Dkt. 31.  On October 21, 2016,

7   Kucherov replied.  Dkt. 32.

8        To qualify for equitable relief under Rule 60(b)(1), the movant must demonstrate

9   "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60.  "Neither

10  ignorance nor carelessness on the part of the litigant or his attorney provide grounds for

11  relief under Rule 60(b)(1)."  *Engleson v. Burlington N. R. Co.*, 972 F.2d 1038, 1043 (9th

12  Cir. 1992); *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir.

13  1971), *cert. denied*, 405 U.S. 974 (1972) (petitioner's failure to appeal the dismissal of

14  the action was due to his lack of diligence and was not "excusable neglect" under Rule

15  60(b)(1)).

16       In this case, Kucherov has failed to meet his burden for relief from the judgment.

17  Overlooking a deadline is carelessness that does not provide grounds for relief under

18  Rule 60.  Moreover, CIT contends that Kucherov has "engaged in a series of abusive

19  litigation tactics" to postpone CIT's legal possession of Kucherov's residence after

20  foreclosure.  Dkt. 31 at 1–2.  While the Court does not find that Kucherov is an abusive

21  litigant, CIT's evidence provides some support for its theory.  Regardless, the Court

22  **DENIES** Kucherov's motion because he has failed to meet his burden.

1    **IT IS SO ORDERED.**

2    Dated this 7th day of December, 2016.

3

4                    _____

                   BENJAMIN H. SETTLE

5                    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22